UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re Three Rivers Companies, LLC, | ) | Case No. 09-61430 |
| | ) | |
| Debtor. | ) | Chapter 11 |

**BRIEF OF AMICUS CURIAE IN SUPPORT OF
TRANSFER OF VENUE TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

COME NOW E. John Hosch, individually ("Mr. Hosch") and Centre Equities, Inc. ("Centre Equities") by and through counsel and file this Brief in Support of this court's retention of jurisdiction and in opposition of the creditors' motions to transfer venue. By filing this memorandum neither Mr. Hosch nor Centre Equities, Inc. are making general appearances and neither consent to the jurisdiction of this court. Both E. John Hosch and Centre Equities, Inc. expressly reserve any objection they may have to the exercise of jurisdiction over them.

**ARGUMENT AND CITATION OF AUTHORITY**

Mr. Hosch is an individual and resident of Bartow County, Georgia. Mr. Hosch is the original member of the Debtor, Three Rivers Companies, Inc. ("Three Rivers"), and the principal officer of Centre Equities, Inc., a Georgia corporation. Both Mr. Hosch and Centre Equities, Inc. are Defendants in the West Virginia litigation in which the Debtor is embroiled, despite having no privity of contract with any of the plaintiffs in that litigation. That litigation was filed by lot buyers, none of whom engaged in any transaction with either Mr. Hosch or Centre Equities, Inc.

Of course this court is well aware of the applicable law regarding bankruptcy venue, and,

because of the prior hearing in this matter, is also well informed as to the undisputed facts surrounding the venue issue. These parties will address in this brief the very practical issues of the interests of justice and convenience of the parties that in the end, fundamentally address themselves to the discretion of this court.

While there is little appellate guidance to be found on this issue in this circuit, the only decision of the United States Court of Appeals for the 11th Circuit directly on point is the case of *In re Griggs*, 679 F.2d 855 (11th Cir. 1982). *In re Griggs* is not only very instructive here, it is binding precedent.

Griggs, who resided in Seale, Alabama but was employed in Columbus, Georgia, filed his voluntary chapter 7 petition in the United States Bankruptcy Court for the Middle District of Georgia. Without conducting a hearing, the bankruptcy court dismissed the petition for improper venue under 28 USC 1472 and the district court affirmed this dismissal on appeal.

The Court of Appeals did not hesitate to reverse this holding. The court noted that not only had the bankruptcy court not afforded notice and hearing on the issue, but also that under the rubric of interest of justice and convenience of the parties it was significant that:

a.  the debtor worked in Columbus; and

b.  all but two creditors were located in Columbus. *Id*.

While the Court of Appeals did not expressly hold that a venue transfer would have been an abuse of discretion, it is clear that the bankruptcy court must take practical issues of convenience and location of interested parties into account in determining the propriety of venue. Importantly, the court accepted the concept that a Georgia bankruptcy court could entertain jurisdiction over an Alabama resident.

In the Three Rivers Companies, LLC case, some of the important points that this court

2

should weigh in reaching its decision regarding venue are:

    a. Three Rivers only had an office in Georgia when this subdivision was initiated, as reflected on page 4 of the HUD statement a copy of which is attached hereto and incorporated herein by reference.

    b. E. John Hosch, a graduate of Druid Hills High School and the University of Georgia, is the organizing member of the debtor LLC (and a defendant in the West Virginia litigation) and he is now, and has for the past 66 years been, solely a resident of Georgia.

    c. Of all the lot purchasers/plaintiffs, there is only one husband and wife who are residents are West Virginia.

    d. The majority of the lot purchasers/plaintiffs are Florida residents who are not only closer to Atlanta, but are more convenient to Atlanta because of the quality of its airport and the interstate highway system.

    e. Centre Equities, Inc. is a Georgia Corporation, formed on December 17, 1992. Its offices have always been in Cobb County and it holds a City of Acworth business license. It currently leases space at 4463 Cherokee St #200, Acworth, Cobb County, Georgia 30101. All of its books, records, bank accounts, computer files, etc, have always been located at that address.

    f. Likewise, all of the books and records of Three Rivers are now located and have always been located at its office in Cobb County, Georgia.

    g. In June of 2003, Centre Equities, Inc purchased the first tract of the subject land in West Virginia. Bank One of Cincinnati, Ohio partially financed this acquisition as it already had a loan on it. Bank One required that Centre Equities

be qualified to do business in West Virginia as a condition of the loan. Centre Equities qualified to do business on May 19, 2003 and closed on the land in June of 2003. This is eighteen (18) months before Three Rivers Companies, LLC sold lots to Purchasers.

h. Centre Equities never did business in West Virginia, which specifically exempts the one time purchaser of land from a "doing business requirement".

i. Three Rivers Companies, LLC was then formed on January 3, 2005, to be the developer for the subdivision. Centre Equities then conveyed its' interest to Three Rivers Companies. Thereafter it paid all of the bills and engaged a Washington, D.C. law firm, Carmel & Carmel, PC to prepare the HUD Approved Property Report, a copy of which is attached hereto. No contracts were entered into until after that date. The HUD Approved Property Report lists the office of Three Rivers Companies, LLC to be in Acworth, Georgia, and only in Acworth, Georgia.

j. Three Rivers Companies, LLC has never had an office in West Virginia, only a registered agent.

k The HUD Approved Property Report sets out multiple warnings in bold type in boxes.

l. Three Rivers Companies, LLC engaged Sean Scanlon of Platinum Properties USA, a North Carolina entity, to sell the lots. Mr. Scanlon is also a defendant in the West Virginia litigation.

m. The plaintiffs in the West Virginia litigation, the majority of who are Florida residents, have steadfastly refused to even go to West Virginia for depositions. If

their depositions were ever taken in West Virginia they will have to pass through Atlanta and/or change flights in Atlanta.

n. Mr. Hosch never attended a lot closing in West Virginia, all of which were accomplished with pre-signed deeds which were held in trust by Steptoe & Johnson and other closing attorneys.

o. The debtor's secured creditor, Macon Bank, is located in North Carolina, not West Virginia.

p. West Virginia courts, even at the federal level, are notoriously "unfriendly" to outsiders.

## **CONCLUSION**

Both justice and convenience are important, with justice being the more compelling issue. On both points, and especially on the justice point, the argument for retention of venue in the Northern District of Georgia is compelling.

Respectfully submitted, this the 6th day of March, 2009.

/s/ Benjamin C. Abney
Benjamin C. Abney
Georgia Bar No. 000800
6241 Knox Bridge Hwy.
Canton, Georgia 30114
770-770-2220
benabney@alum.emory.edu

*Attorney for E. John Hosch
and Centre Equities, Inc.*

/s/ Joel S. Wadsworth, Esq.
Joel S. Wadsworth, Esq.
Georgia Bar # 730000
The Wadsworth Firm
2625 Piedmont Rd #56-304
Atlanta GA 30324
(404) 261 2122 Telephone
(404) 875 0784 Fax
jsw@joelwadsworth.com

*Attorney for Debtor-in-Possession
Three Rivers Companies, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re Three Rivers Companies, LLC, | ) | Case No. 09-61430 |
| | ) | |
| Debtor. | ) | Chapter 11 |

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on this day, I caused to be electronically filed the foregoing *Brief of Amicus Curiae in Support of Transfer to the United States District Court for the Northern District of Georgia Bankruptcy Court* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants and by First Class United States Mail, post prepaid, where noted:

Joel S. Wadsworth
The Wadsworth Firm
2625 Piedmont Road, N.E.
Suite 56-304
Atlanta, Georgia 30324
Counsel for Debtor

David S. Weidenbaum
Office of the United States Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA 30303

Kevin Snyder
Lacy & Snyder, LLP
300 Prime Point suite 100
Peachtree City, GA 30269

T. Bart Gary
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948

This the 6th day of March, 2009.

_____
Benjamin C. Abney
Georgia Bar No. 000800
Georgia Bar No. 000800
6241 Knox Bridge Hwy.
Canton, Georgia 30114
770-770-2220
benabney@alum.emory.edu

6